John R. Sherman *vs.* Reuben W. Brown, T. T.

JUNE 8, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J.   This is an action of trespass on the case for negligence to recover for damage alleged to have been caused by a defective highway.   After verdict for the defendant and decision denying plaintiff's motion for a new trial, the case is before us on plaintiff's exceptions: to the denial of said motion, to various rulings during the trial and to portions of the court's charge to the jury.

The accident which is the basis of this action occurred on March 22, 1929, on a dirt road running between the Ten

Rod Road, so-called, and Tripp's Corner in the Town of Exeter. It had been raining and the ground was thawing. Plaintiff and his brother were proceeding along said highway in a Ford automobile. They both testified that they could see quite a distance ahead; that the road near the scene of the accident seemed to be level but was covered with mud and water into which they drove; that the car after going about 15 feet dropped into a depression and stopped; that when they failed to drive it out by its own power, they had to obtain the services of a farmer who with a pair of horses pulled the car to the Ten Rod Road. Plaintiff claimed that by reason of the accident his car was damaged and depreciated in value, and that in endeavoring to extricate it from the depression he contracted pneumonia and was thereby incapacitated and put to great expense.

In his bill of exceptions plaintiff specifically sets forth the various rulings to which exception was taken. As the verdict was for defendant, exceptions numbered 1, 2 and 8, which relate to the amount of damage, need not be considered.

The third exception is to the ruling of the court in ordering stricken from the record the answer to a question, asked in cross-examination of the witness Robert Sherman, as to whether he had been over the highway in question for two or three months. The answer was: "No. I broke a spring in January." This answer was not responsive and was properly stricken from the record.

The fourth exception is to the refusal by the court to strike out the answer to a question asked of Charles H. Sherman, a witness for defendant, as follows: "Had you been hung up before that same day?" The answer was: "At South Kingston and Richmond." This answer stated facts which were of common knowledge in regard to country roads in the spring, when they are thawing, and the relevancy thereof was a question within the sound judicial discretion of the court. We find no abuse of this discretion and this exception is overruled.

Exceptions numbered 5, 6 and 7 are to portions of the court's charge to the jury. The parts excepted to, if read in connection with the entire charge, are unobjectionable. The charge as a whole states fairly the rule as to the liability of a town for damages sustained by reason of a defect in a highway.

All these exceptions are overruled.

The last exception is to the refusal of the trial court to grant plaintiff's motion for a new trial on the ground that the verdict is against the weight of the evidence.

Witnesses on both sides testified that the highway in question was a good road except when the frost was coming out of the ground in the spring. The plaintiff, who had lived in Exeter many years and knew the roads thereabouts, testified that he was over said road sometime during the previous fall and that it was "all right then." Plaintiff's brothers testified to the effect that on the day of the accident they warned him to keep to the right out of the ruts of said road.

The questions presented to the jury were whether the defendant town maintained the road in reasonably safe condition, and if the road was not in safe condition whether plaintiff had knowledge of the fact and took his chance of damage when he drove on the part of the road wherein he sustained the damage claimed. If the jury found that plaintiff had notice of the unsafe condition of the road, either by observation or warning, and disregarded the same, or if they found that, considering weather conditions and the location and use of the road, it was in a reasonably safe condition, plaintiff was not entitled to recover. In the absence of special findings, it is impossible to determine upon which ground the verdict for defendant was based, but as there is evidence in support of each of these grounds and the court below sustained the verdict as doing justice between the parties, we find no reason for holding that said verdict is against the weight of the evidence or that the denial of the motion for a new trial is erroneous.

All plaintiff's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*John J. Dunn,* for plaintiff.

*Grim & Littlefield,* for defendant.